UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION

FRED NEKOUEE, individually,　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Plaintiff,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
vs.　　　　　　　　　　　　　　　　　　　　:　Case No. 4:18-cv-00188
　　　　　　　　　　　　　　　　　　　　　　:
RALJACK LLC, a Missouri limited liability　:
company,　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Defendant.　　　　　　　　　:
_____/

**COMPLAINT**
(Injunctive Relief Demanded)

PLAINTIFF, FRED NEKOUEE, individually, on his behalf and on behalf of all other

mobility impaired individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues

the Defendant, RALJACK LLC, a Missouri limited liability company,   (sometimes referred to as

"Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to

the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.　　　Plaintiff, Fred Nekouee, is an individual who resides in Tampa, Florida, in the

County of Hillsborough.

2.　　　Defendant's property, a Rally's restaurant, is located at 9651 Natural Bridge Road,

St. Luis, Missouri 63134, in the County of St. Louis.

3.　　　Venue is properly located in the Eastern District of Missouri because venue lies in

the judicial district of the situs of the property.   The Defendant's property is located in and does

business within this judicial district.

4.　　　Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given

original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.   See also 28 U.S.C. § 2201 and § 2202.

5.       Plaintiff Fred Nekouee is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.   Fred Nekouee has progressive multiple sclerosis and requires the use of a wheelchair for mobility.   Mr. Nekouee travels to Missouri every three to six months to accompany his brother at heavy equipment auctions, or to visit heavy equipment dealerships, where he assists his brother compare prices to equipment available in other areas, or to help his brother evaluate whether to buy or sell heavy equipment.   Fred Nekouee has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property.   The barriers to access that the Plaintiff encountered at the property have endangered his safety, impaired his ability or those accompanying him to park a vehicle, impaired his ability to access the property, and have impaired his use of the restroom in the Rally's restaurant.

6.       Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA.   The place of public accommodation that the Defendant owns, operates, leases or leases to is known as the Rally's restaurant, located at 9651 Natural Bridge Road, St. Louis, Missouri 63134   ("Rally's").

7.       Fred Nekouee has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 9 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination

in violation of the ADA by the Defendant.   Fred Nekouee desires to visit the Rally's not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

8.     The Defendant has discriminated against the individual by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

9.     The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   Preliminary inspections of the Rally's restaurant have shown that violations exist.   The violations that Fred Nekouee personally encountered or observed include, but are not limited to:

**PARKING**

a.   In the parking lot serving the Rally's restaurant, one of the two parking spaces for disabled patrons does not have the signage and international symbol of accessibility in violation of Federal Law 2010 ADAAG §§ 502.6 and 703.7.2.1.

b.   In the parking lot, there are no parking spaces for disabled patrons with van accessible signage in violation of Federal Law 2010 ADAAG §§ 703.7.2.1 and 502.6.

c.   The access aisle serving the disabled parking spaces does not connect to an accessible route towards the ramp and the disabled patron has to enter the traffic lanes to reach the ramp in violation of Federal Law 2010 ADAAG § 502.3.

d.   The transition from the access aisles of the parking space marked for disabled use to the curb ramp leading to the accessible route to the restaurant contains a change of level

of 0.75 inches and greater than the 0.5 inches allowed, in violation of Federal Law 2010 ADAAG §§ 303.3 and 405.4.

e.   The diagonal curb ramp does not have the minimum 48 inches (1220 mm) clear space within the markings at the bottom of the ramp in violation of Federal Law 2010 ADAAG § 406.6.

f.   The diagonal curb ramp does not have a minimum bottom clear space of 48 inches (1220 mm) outside active traffic lanes in violation of Federal Law 2010 ADAAG § 406.6.

g.   The accessible curb ramp is blocked by parked cars and there is no access aisle marked to discourage parking in it in violation of Federal Law 2010 ADAAG §§ 406.5 and 502.3.3.

h.   The restroom entrance door maneuvering space of 60 inches with a maximum allowed slope of 1:48 (2%) is not provided and the maneuvering space is within ramp flares, all in violation of Federal Law 2010 ADAAG § 404.2.4.4.

**INTERIOR FOOD SERVICE AREA AND ENTRANCE DOOR**

i.    The toe clearance depth of a minimum of 17 inches for a forward approach to the outside seating is not provided in violation of Federal Law 2010 ADAAG § 306.2.3.

j.   The knee clearance height under the seats for a forward approach is less than the 8 inches deep minimum at 27 inches (685 mm) above the finished floor in violation of Federal Law 2010 ADAAG § 306.3.3.

k.    All of the outside seating does not have back support in violation of Federal Law 2010 ADAAG § 903.4.

l.   The toe clearance width between the seating at the tables is 11 inches and less than the required 30 inches (760 mm) in violation of Federal Law 2010 ADAAG § 306.2.5.

m. The clear or ground space between the curb and the table is 15 inches and is less than the required 30 inches in violation of Federal Law 2010 ADAAG § 305.

n. Clear floor or ground spacing is not provided at the benches and the benches are not positioned to provide clear floor space at the end of the bench seats and parallel to the short axis of the benches in violation of Federal Law 2010 ADAAG § 903.2.

10. All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

11. The discriminatory violations described in paragraph 9 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.   The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.   In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12. Defendant has discriminated against the individual by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42

U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.

14.     Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendant.

17.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the Rally's restaurant and adjacent parking lot spaces to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.     The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.     Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.     An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.     Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted,

s/Robert J. Vincze_____
Robert J. Vincze (MO #37687)
Law Offices of Robert J. Vincze
PO Box 792
Andover, Kansas 67002
Phone: 303-204-8207
Email: vinczelaw@att.net

*Attorney for Plaintiff Fred Nekouee*